UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ENERGY & ENVIRONMENT LEGAL INSTITUTE<br>722 12th Street NW, 4th Floor<br>Washington, DC 20005<br><br>FREE MARKET ENVIRONMENTAL<br>LAW CLINIC<br>9033 Brook Ford Road<br>Burke, Virginia, 22015<br><br>  Plaintiffs,<br><br>     v.<br><br>UNITED STATES ENVIRONMENTAL<br>PROTECTION AGENCY<br>1200 Pennsylvania Avenue, NW<br>Washington, DC 20460<br><br>  Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)   Civil Action No. 15-743 |

**COMPLAINT FOR INJUNCTIVE AND DECLARATORY RELIEF**

Plaintiffs ENERGY & ENVIRONMENT LEGAL INSTITUTE ("E&E Legal") and FREE MARKET ENVIRONMENTAL LAW CLINIC ("FME Law") for their complaint against Defendant ENVIRONMENTAL PROTECTION AGENCY ("EPA" or "the Agency"), allege as follows:

1. This is an action under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, to compel production under a request for certain EPA records reflecting all real-time communications (text or instant messages) sent between several EPA employees during two time periods totaling six months, as well as invoices showing certain employees' use of text messages during those periods.

2. In a FOIA request dated March 13, 2015, Plaintiffs submitted by email a request seeking all real-time communications sent by four named EPA employees during October 2010 through January 2011 and March through April 2011. Plaintiffs also sought invoices for EPA-issued phones during those periods for those four employees and documents related to whether instant messaging software licensed by EPA had been installed on those four employees' EPA-provided electronic devices.

3. In the request Plaintiffs noted that there was substantial public interest in whether EPA employees were using taxpayer provided real-time communications to avoid having communications archived in government email systems, and whether the EPA was properly maintaining records of real-time communications that constitute federal records under the Federal Records Act and, regardless, are records under FOIA's broader definition and therefore are subject at any time to requests for correspondence and must be preserved. On the basis of this substantial public interest and emails demonstrating these employees' use of real-time messaging for work-related correspondence, Plaintiffs sought a fee waiver for the request.

4. Despite EPA's statutory obligation to provide an estimated determination of potentially responsive documents and statutory exemptions the agency may invoke, and despite a courtesy reminder by Plaintiffs seeking the statutorily required estimates, defendant EPA has produced no responsive records, and provided no substantive response to Plaintiffs' request.

5. Defendant EPA's failure to respond within the statutory period constitutes denial of Plaintiffs' request, without a proper legal basis.

6. As a result of this denial, pursuant to 5 U.S.C. §552(a)(4)(A)(v)&(viii) Plaintiffs have no further administrative remedies to pursue, but instead have the right of judicial review, in the form of this lawsuit asking this Court to compel EPA to produce responsive records and enforce EPA's non-billable determination, or otherwise require EPA to process this request without charging fees.

## PARTIES

7. Plaintiff Energy & Environment Legal Institute (E&E Legal) is a nonprofit research, public policy and public interest litigation center incorporated in Virginia and dedicated to advancing responsible regulation and in particular economically sustainable environmental policy. E&E Legal's programs include analysis, publication and a transparency initiative seeking public records relating to environmental and energy policy and how policymakers use public resources.

8. Plaintiff Free Market Environmental Law Clinic (FME Law) is a nonprofit research, public policy and public interest litigation center based in Virginia and dedicated to advancing responsible regulation and in particular economically sustainable environmental policy. FME Law's programs include research, publication and litigation and include a transparency initiative seeking public records relating to environmental and energy policy and how policymakers use public resources.

9. Defendant EPA is a federal agency headquartered in Washington, DC whose stated mission is to "protect human health and the environment."

## JURISDICTION and VENUE

10. This Court has jurisdiction pursuant to 5 U.S.C. § 552(a)(4)(B), because this suit is brought in the District of Columbia, and because Plaintiffs both maintain offices in the

District. Furthermore, jurisdiction is proper under 28 U.S.C. § 1331, because the resolution of disputes under FOIA presents a federal question.

11. Venue is proper in this Court under 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1391(e) because Defendant is an agency of the United States.

## FACTUAL BACKGROUND

12. This lawsuit seeks to compel EPA to respond fully and completely to a FOIA request dated March 13, 2015, seeking certain records, specifically stating:

    Please provide us, within twenty working days copies of records as described from two periods totaling six months:

    1) all work-related real-time messages, *e.g.*, text, SMS or instant messages[2] sent or received by EPA employees Matthew Klasen and Gregory Pond of the Water Office, and Region 3's Margaret Passmore and John Forren, on either **a)** SameTime or a similar computer-based realtimemessaging capability provided by EPA, or **b)** any mobile telephone or personal data assistant/personal digital assistant (PDA);
    2) the relevant page(s) of the same four parties' monthly bills/invoices associated with their EPA mobile telephone/PDA account(s)/device(s) indicating their texting activity during all billing periods encompassing the six-month period covered by this request;
    3) all records in EPA's possession documenting whether the same four parties had any instant message (IM) client software installed on her computer(s)/ workstation(s) or other equipment;
    4) all records in EPA's possession documenting that the same four parties were ever registered users of any EPA IM system(s)/network(s) or system(s)/ network(s) that include or provide IM.
    **Responsive records will be dated (##1-2), or reflect IM capabilities (##3-4), during October 2010 through January 2011, inclusive, and March and April, 2013, inclusive.**

13. Plaintiffs requested that EPA waive processing and copying fees pursuant to 5 U.S.C. §552(a)(4)(A)(iii), with the request being in the public interest, Plaintiffs having no commercial interest in the material, and with substantial public interest in the requested information.

14. On March 31, 2015, EPA sent requesters a letter stating:

> This is in response to your request for a waiver of fees in connection with your Freedom of Information Act request to the U.S. Environmental Protection Agency seeking a copy of records regarding real-time messages sent or received over two periods by Gregory Pond, Matthew Klasen, Margaret Passmore and John Forren, as described in your request.
> Based upon a review of your request, and the information available to us at this time, we have determined that the total fee that would be incurred in processing this request is deminimus and therefore not billable. The Office of Water will respond to your request for information for the Agency.

15. Under EPA's FOIA implementing regulations, 40 CFR 2.107 (c) (3) (ii), this means that the expected time for search and review will not exceed two hours and thus EPA does not charge fees for the request. EPA noted in the same communication that the request had been assigned FOIA number EPA-HQ-2015-005176.

16. On April 17, 2015, Chris Horner, counsel for requester was emailed by Stefania D. Shamet, Senior Assistant Regional Counsel USEPA Region III from her EPA issued email address. The pertinent portion of this communication stated "I am also writing regarding your Freedom of Information Act Request No. EPA-HQ-2015-005176. While I am not formally assigned to that request, I am generally aware of it, and I have been asked to let you know that searches for responsive documents are underway. Please feel free to contact me if you have any questions."

17. On May 8, 2015, requesters emailed Stefania D. Shamet at her same EPA-issued email address inquiring about the status of the request and requesting the a proper initial determination be provided.

18. At this time requesters have received no responses or information from EPA regarding the request since the email sent on April 17, 2015.

**LEGAL ARGUMENTS**

**Defendant EPA Owes and Has Failed to Provide Plaintiffs a Response**

19. Under the Freedom of Information Act, after an individual submits a request, an agency must determine within 20 working days after the receipt of any such request whether to comply with such request. 5 U.S.C.S. § 552(a)(6)(A)(i). Under *Citizens for Responsible Ethics in Washington v. Federal Election Commission*, 711 F.3d 180, 186 (D.C. Cir. 2013), that response must provide particularized assurance of the scope of potentially responsive records, including the scope of the records it plans to produce and the scope of documents that it plans to withhold under any FOIA exemptions.

20. U.S. Code 5 U.S.C.S. § 552(a)(6)(A) proclaims that the 20-day time limit shall not be tolled by the agency except in two narrow scenarios: The agency may make one request to the requester for information and toll the 20-day period while it is awaiting such information that it has reasonably requested from the requester, § 552(a)(6)(A)(ii)(I), and agencies may also toll the statutory time limit if necessary to clarify with the requester issues regarding fee assessment. § 552(a)(6)(A)(ii)(II). In either case, the agency's receipt of the requester's response to the agency's request for information or clarification ends the tolling period. Regardless, neither circumstance applies in the instant mater.

21. As the initial request was sent March 13, 2015, EPA owed a proper response and initial determination on April 13, 2015.

22. The communications provided by EPA do not constitute a proper response to a FOIA request, as EPA still has not not set forth how many responsive records exists, nor when requesters could expect to begin receiving responsive documents, despite its legal obligations and Plaintiffs' repeat requests for this required response.

23. This failure to issue a proper response within the statutory period constitutes a denial by EPA of Plaintiffs' request for records.

**Having Failed to Properly Respond to Plaintiffs' Request, Defendant EPA Owes Responsive Records Subject to Legitimate Withholdings and Cannot Seek Fees**

24. In *Bensman v. National Park Service,* 806 F. Supp. 2d 31 (D.D.C. 2011) the U.S. District Court for the District of Columbia noted, "An additional effect of the 2007 Amendments was to impose consequences on agencies that do not act in good faith or otherwise fail to comport with FOIA's requirements. See S. Rep. No. 110-59. To underscore Congress's belief in the importance of the statutory time limit, the 2007 Amendments declare that '[a]n agency shall not assess search fees . . . if the agency fails to comply with **any time limit**' of FOIA." (Emphasis added by Bensman Court).

25. EPA owned Plaintiffs a substantive response on or before April 13, 2015, and EPA did not provide such a responsive, thus violating the statutory time-limits within the FOIA statute.

26. Further EPA informed Plaintiffs that it would not seek fees for the request because it determined the request was *de minimis* and therefore not billable. Under EPA regulation a *de minimis* request is one that can be completed within two hours.

27. Having already informed Plaintiffs that the request was not billable, thus obviating the need for the fee waiver submitted with the request, and having violated the statutory time limits of FOIA, EPA must not process the request without charging fees, and provide Plaintiffs with records, subject to legitimate withholdings.

**CLAIMS FOR RELIEF**
**FIRST CLAIM FOR RELIEF**
**Declaratory Judgment**

28. Plaintiffs reallege paragraphs 1-27 as if fully set out herein.

29. Plaintiffs have properly sought and been constructively denied responsive records reflecting the conduct of official business, as EPA has failed to provide either responsive records or a substantive response to the FOIA request at issue in this case.

30. Plaintiffs have a statutory right to fee waiver, and to the information they seek.

31. Plaintiffs ask this Court to enter a judgment declaring that:

   i. Defendant failed to provide a proper response to Plaintiffs' request for records EPA-HQ-2015-005176, and has thereby statutorily waived its ability to seek fees;

   ii. EPA records as described in Plaintiffs' request EPA-HQ-2015-005176 are public records subject to release under FOIA;

   iii. EPA's refusal to produce the requested records is unlawful;

   iv. EPA shall produce in a timely fashion all records in its possession responsive to Plaintiffs' FOIA request, without fees, subject to legitimate withholdings.

## SECOND CLAIM FOR RELIEF
### Injunctive Relief

32. Plaintiffs reallege paragraphs 1-31 as if fully set out herein.

33. Plaintiffs are entitled to injunctive relief compelling EPA to produce all records in its possession responsive to Plaintiffs' FOIA request, without fees, subject to legitimate withholdings.

34. Plaintiffs ask this Court to order EPA to produce to Plaintiffs, within 10 business days of the date of the order, the requested records described in Plaintiffs' FOIA request, and any attachments thereto, subject to legitimate withholdings.

35. Plaintiffs ask the Court to order the Parties to consult regarding withheld documents and to file a status report to the Court within 30 days after Plaintiffs receive the last of the produced documents, addressing EPA's withholdings and Vaughn log and a briefing schedule for resolution of remaining issues associated with Plaintiffs' challenges to Defendant's withholdings, if any, and any other remaining issues.

36. Plaintiffs ask the Court to enter an injunction ordering EPA to either uphold its determination that this request is nonbillable, or grant Plaintiffs' fee waiver, or otherwise agree to not seek fees for this request.

### THIRD CLAIM FOR RELIEF
### Seeking Costs and Fees

37. Plaintiffs reallege paragraphs 1-36 as if fully set out herein.

38. Pursuant to 5 U.S.C. § 552(a)(4)(E), the Court may assess against the United States reasonable attorney fees and other litigation costs reasonably incurred in any case under this section in which the complainant has substantially prevailed.

39. Plaintiffs are statutorily entitled to recover fees and costs incurred as a result of EPA's refusal to fulfill the FOIA request at issue in this case.

40. Plaintiffs ask the Court to order EPA to pay reasonable attorney fees and other litigation costs reasonably incurred in this case.

Respectfully submitted this 18th day of May, 2015,

_____/s/_____

Chaim Mandelbaum
D.D.C.  Bar No. VA86199
726 N. Nelson St, Suite 9
Arlington, VA 22203
(703) 577-9973
Chaim12@gmail.com

_____/s/_____
Christopher C. Horner
D.C. Bar No. 440107
1489 Kinross Lane
Keswick, VA 22947
(202) 262-4458
CHornerLaw@aol.com

FREE MARKET ENVIRONMENTAL LAW CLINIC
ATTORNEYS FOR PLAINTIFFS